IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRAH LYLES,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

Crim. No. ELH-11-00112
Related Civil No. ELH-14-00496

**MEMORANDUM OPINION**

Darrah Lyles has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF 74 ("Petition"). He has also filed a supporting memorandum and exhibits. ECF 74-1. In particular, Lyles challenges his 2012 conviction and sentence of 96 months' imprisonment for the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] The United States has filed an opposition, with exhibits, seeking dismissal of the Petition as time barred or, in the alternative, denial on the merits. ECF 79 ("Opposition"). Lyles has replied, ECF 80 ("Reply"), and the government, with leave of court (ECF 81, 82), has filed a surreply. ECF 83 ("Surreply"). Along with the Surreply,

---

[1] 18 U.S.C. § 924(c)(1)(A) states: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

the government submitted transcripts of Lyles's guilty plea and the sentencing. *See* ECF 83-1, 83-2.

The Petition has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will dismiss the Petition.

## I. Factual Background

On March 2, 2011, Lyles was charged in a two-count Indictment with the offenses of possession with the intent to distribute marijuana, under 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, under 18 U.S.C. § 922(g)(1). *See* ECF 1; *see* also ECF 74-1 at 17-18. Lyles subsequently signed a plea agreement dated March 14, 2012. ECF 59; ECF 79-4 (Plea Agreement). On March 19, 2012, Lyles waived indictment and entered a plea of guilty to a one-count Superseding Information charging possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* ECF 58; ECF 79-3 (Waiver of Indictment); ECF 59; ECF 79-4. The plea agreement was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C),[2] in which the parties agreed to make a joint sentencing recommendation to the Court of 96-months' imprisonment, with dismissal of the original Indictment at sentencing. ECF 79 at 3 (Opposition); ECF 79-4, ¶ 9.

---

[2] Fed. R. Crim. P. 11(c) states, in part:

"(1) ***In General.*** An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . (c) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

On June 22, 2012, Lyles appeared for sentencing. The Court accepted the parties' "C plea" recommendation and imposed the agreed-upon sentence of 96 months' imprisonment. ECF 71, 72. Judgment was entered on June 26, 2012. ECF 72. No appeal was noted by Lyles. *See* Docket, ECF 79-1.

Notably, although the sentence exceeded the statutory mandatory minimum of 60-months' imprisonment, it was significantly below the range of imprisonment recommended by the advisory federal sentencing guidelines. In particular, the sentencing guidelines called for a sentence of imprisonment ranging between 262 to 327 months. ECF 73. Moreover, the sentence was well below the statutory maximum of life imprisonment. ECF 83 at 6 (Surreply); *see* ECF 83-2 at 4 (Sentencing Transcript).

In his Petition, Lyles describes the offenses at issue as possession with intent to distribute a controlled substance, under 21 U.S.C. § 841(a)(1) and (b)(1)(D), and felon in possession of a firearm, under 18 U.S.C. § 922(g)(1). ECF 74 at 1. He alleges four grounds to support his Petition.

First, Lyles asserts that this Court committed error by running afoul of the Supreme Court's recent decision in *Alleyne v. United States*, ─── U.S. ───, 133 S. Ct. 2151, 2155 (2013). ECF 74-1 at 3 (Petition). Second, Lyles claims that he received ineffective assistance of both trial and appellate counsel, because his trial lawyer failed to secure the 60-month mandatory minimum sentence and his appellate counsel failed to appeal the 96-month sentence. ECF 74-1 at 7. Further, Lyles contends that the District Court abused its discretion in accepting the guilty plea and by "incorrectly applying Guidelines." *Id.* Finally, he complains that the District Court "failed to state reasons in judgment and commitment as required." *Id.* at 8. Lyles maintains that

he is "'actually innocent'" of the offense of felon in possession of a firearm and should not have received an enhanced sentence. *Id.* at 12.

For the reasons that follow, Lyles's Petition will be dismissed.

## II. Discussion

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner shows "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

### A. Limitations Period

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). Under § 2255(f), limitations runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See id.*; *see generally Holland v. Fla.*, 560 U.S. 631 (2010) (holding equitable tolling applies to one-year limitation period in 28 U.S.C.

§ 2244(d)); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255).

Lyles's conviction became final for the purpose of the limitations period set forth at 28 U.S.C. § 2255(f) when the time for filing a Notice of Appeal expired. *United States v. Clay*, 537 U.S. 522 (2003); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Lyles's time for filing a Notice of Appeal expired fourteen days after entry of the Judgment. Fed. R. App. P. 4(b)(1)(A). In this case, the Judgment was entered on June 26, 2012. *See* ECF 72; 79-8. Thus, the one-year limitations period commenced on July 10, 2012, and expired on July 10, 2013.[3] Lyles filed the instant Petition on February 18, 2014, eight months after expiration of the limitations period. ECF 74. Therefore, Lyles's Petition is time barred, unless there is a ground for equitable tolling.

**B. Equitable Tolling**

Equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010). For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Lyles attributes his filing delay to ineffective assistance of counsel. ECF 80 at 2 (Reply) ("The Petitioner's claims concerning his Notice of Appeal are not barred by Statute of

---

[3] In its Opposition, the government states that the one-year limitations period commenced on July 6, 2012, and expired on July 6, 2013. ECF 79 at 3-4. This discrepancy is not material.

Limitations."); *id.* at 3 ("Had counsel provided the Petitioner with truthful information the Petitioner could have filed a Pro se Notice of Appeal within the time period . . . . [T]he Movant was prevented from making his motion."). Moreover, he asserts that his attorney failed to file a timely Notice of Appeal despite his instructions to do so. *Id.* at 6 ("Lyles wanted to appeal the sentence, and instructed his counsel to do so timely and his counsel failed to do so.").

Lyles cites *Holland*, 560 U.S. at 645, in support of his request for equitable tolling. ECF 80 at 4. In *Holland*, petitioner was a death-row inmate who filed his § 2244 federal habeas petition five weeks after the limitations period had passed. *Id.* at 639. The limitations clock on Holland's federal § 2244 petition was suspended while Holland's attorney first pursued post-conviction relief in state court. *Id.* at 636. While the state petition was pending, communication between Holland and his attorney broke down. *Id.* Holland wrote letters reminding his attorney of the importance of timely filing his federal § 2244 petition upon resolution of his state-court petition. *Id.* at 637-38. Holland also performed legal research and provided his attorney with the relevant limitations dates and deadlines. *Id.* at 639. In addition, Holland twice unsuccessfully asked the Florida court to appoint new counsel. *Id.* at 636-37. And, Holland filed his own §2244 motion the very day he discovered that the §2244 one-year limitations period had expired. *Id.* at 653.

The Supreme Court noted that the attorney failed to file the federal petition on time, despite Holland's "many letters that repeatedly emphasized the importance of his doing so." *Id.* at 652. And, the attorney ignored Holland's repeated attempts to communicate with him. *Id.* In its view, the district court erred in finding a lack of diligence by Holland. *Id.* at 653. And, it remanded for a determination as to whether Holland was entitled to equitable tolling. *Id.* at 654.

In contrast to *Holland*, however, Lyles provides no more than the conclusory statement that "(1) Petitioner has diligently pursued his rights; and (2) some '<u>extraordinary</u> <u>circumstances</u>' prevented timely filing." ECF 80 at 4 (underline in original).  As the government points out, "nothing in any of the petitioner's papers indicates any diligence on his part in pursuing his motion to vacate or in attempting to file on time."  ECF 83 at 11 (Surreply).  Although Lyles claims to have been diligent, he "completely fails to explain what he did during the more than 18 months that lapsed between his judgment and the filing of the 2255 motion." *Id.*  For example, Lyles does not allege that he wrote or telephoned counsel or the court.  Nor does he indicate that he took any steps to check on the status of his alleged appeal.  To the contrary, it appears that he merely waited to file his Petition until after limitations had expired. *Id.*

It is true that an attorney's failure to file an appeal, when expressly directed to do so by his client, constitutes ineffective assistance of counsel. *See Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985).  Lyles asserts that he instructed his attorney to file a direct appeal after sentencing.  Nevertheless, he fails to explain how his attorney's alleged failure to do so somehow prevented or delayed the filing of this § 2255 Petition within the one-year limitations period.  ECF 74-1 at 7 (Petition).  It is wholly implausible that the alleged failure of Lyles's attorney to file a direct appeal somehow impeded for an entire year the filing of this Petition.

Ordinarily, ineffective assistance of counsel does not warrant equitable tolling. *See Holland*, 560 U.S. 651-51; *Harris v. Hutchinson*, 209 F.3d 325, 328, 331 (4th Cir. 2000) (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition).  Nor is a petitioner's lack of familiarity with the law considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).

In short, Lyles has not demonstrated *any* circumstances beyond his control—let alone "extraordinary circumstances" analogous to those in *Holland*—that prevented him from complying with the statutory time limit. Therefore, he is not entitled to equitable tolling.

### C. The *Alleyne* Decision

Lyles repeatedly asserts that the Petition constitutes his "first opportunity to raise [the] issue" generated by the Supreme Court's June 2013 decision in *Alleyne*, *supra*, 133 S. Ct. 2151. *See*, *e.g.*, ECF 74 at 4-6, 9. He argues that limitations did not begin to run until the issuance of that decision. ECF 74 at 12.

Under 28 U.S.C. § 2255(f)(3), limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, even if *Alleyne* triggered a new limitations period, it would apply only to the one claim based on *Alleyne*. It would not apply to the claims as to notice of appeal, ineffective assistance of counsel, or as to the guilty plea and sentencing, which are not predicated on *Alleyne*. Regardless, *Alleyne* does not help Lyles, because it does not apply here.

In *Alleyne*, the Supreme Court augmented the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact that increases a sentence above the prescribed statutory maximum must be submitted to a jury). The *Alleyne* Court ruled that any fact that increases a mandatory minimum sentence "is an element that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. Applying *Alleyne* here, the petitioner's claim fails for at least two reasons.

First, as numerous courts have held, the rule announced in *Alleyne* is not retroactive. *See*, *e.g.*, *United States v. Stewart*, 540 Fed. App'x 171, 172 n.1 (4th Cir. 2013); *Simpson v. United*

*States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *Schoultz v. United States*, 2014 WL 37244, at *4 (D.S.C. Jan. 6, 2014); *Johnson v. United States*, 2014 WL 470077, at *5 (D. Md. Feb. 5, 2014) ("[*Alleyne*] likely does not apply retroactively on collateral review.").

Second, the claim fails on the merits.

As noted, Lyles waived indictment and pled guilty to a Superseding Information charging him under 18 U.S.C. § 924(c) with possession with intent to distribute a controlled dangerous substance, in violation of 21 U.S.C. § 841(a)(1).  The elements of the § 924(c) offense were laid out in the plea agreement (ECF 59, ¶ 2) and reviewed at the Rule 11 hearing held on March 19, 2012.  *See* ECF 83-1 at 9.  *See also United States v. Burley*, 2014 WL 1569186 at *1 (4th Cir. Apr. 21, 2014) (unpublished); *United States v. Stephens*, 482 F.3d 669, 673 (4th Cir. 2007).  The Superseding Information charged those elements:  that the petitioner had possessed a firearm, and that he had done so in furtherance of a drug-trafficking crime, to wit, possession with intent to distribute marijuana.  ECF 79-2.

The Statement of Facts contained in the plea agreement specifically provided that Lyles "was in possession of the drugs recovered from [the residence] and intended to distribute the drugs to other persons.  The defendant possessed the firearm in furtherance of that drug trafficking crime."  ECF 59 at 4-5 (Plea Agreement).  Those facts were also presented at the Rule 11 guilty plea proceeding.  *See* ECF 83-1 at 31-33.  Under oath (ECF 83-1 at 2) Mr. Lyles expressly agreed to the facts.  *Id.* at 33-34.  Notably, he admitted that he possessed a loaded .40 caliber firearm in a residence where the petitioner also maintained marijuana, drug-packaging material, thousands of dollars in cash, and other drug paraphernalia, such as digital scales.  *Id.* at 31-34.

The exchange below followed the prosecutor's presentation of facts. *See* ECF 83-1 at 33-34:

> THE COURT:  All right.  Let me ask the defense counsel, first of all, and then I'll go to Mr. Lyles, if there are any additions, corrections or modifications to that factual summary?
>
> [DEFENSE COUNSEL]:  No, Your Honor.
>
> THE COURT:  Mr. Lyles, is that a fair and accurate summary of the facts in the case?
>
> THE DEFENDANT:  Yes, it is, Your Honor.
>
> THE CLERK:[4]  Did you, in fact, commit the crime as summarized by the government?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE CLERK:  Do you still wish to plead guilty?
>
> THE DEFENDANT:  Yes, ma'am.

Petitioner makes a number of specific claims that are either factually incorrect or legally without merit.  He claims that a "firearm enhancement" was improperly imposed upon him, ECF 74-1 at 2, and that it was necessary for a jury to convict him of that crime.  Petitioner claims he received a sentence above the "prescribed statutory maximum" without proof to a jury, directly contravening the dictates of *Alleyne*.  ECF 74-1 at 2.  That argument fails because the petitioner pled guilty to the § 924(c) offense, admitted all of the required elements of the offense during the plea colloquy, and expressly acknowledged and then waived his right to a jury trial.  *See, e.g.,* ECF 83-1 at 23 (court explaining to Lyles his right to jury trial); 83-1 at 27 (waiver).

---

[4] The references to "Clerk" are erroneous.  The questions were posed by the Court, not the Clerk.

As the government puts it, ECF 79 at 8: "The petitioner cannot complain about the absence of a jury verdict in a case in which he pled guilty." Moreover, despite petitioner's claims that he was entitled to a jury finding with respect to "drug quantity," ECF 74-1 at 2, 5, drug quantity had no bearing on petitioner's sentence. Indeed, as the sentencing transcript clearly reflects, drug quantity was not part of the sentencing equation. The sentence of 96 months' imprisonment was entered under Rule 11(c)(1)(C), and was well *below* the advisory guidelines and the statutory maximum for a § 924(c) offense, which is life imprisonment. *See United States v. Robinson*, 447 Fed. App'x 512, 515 (4th Cir. 2011) (unpublished); *United States v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002).

*Alleyne* was not violated here.

### C. Certificate of Appealability ("COA")

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court is required to issue or deny a COA when it enters a final order adverse to the applicant. *See Jackson v. United States*, Civ. No. PJM-12-421, 2012 WL 869080, *1 (D. Md. Mar. 13, 2012). The Petition provides no basis for issuance of a COA.

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see also Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir.

2001). In my view, reasonable jurists would not find Lyles's claims debatable. Therefore, a Certificate of Appealability will not issue.

## Conclusion

The Court finds the Petition is untimely, and that there is no basis to apply equitable tolling. Therefore, the Petition is dismissed.

Date: April 9, 2015                                         /s/
                                                  Ellen Lipton Hollander
                                                  United States District Judge